IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL NELSON,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>INTERMOUNTAIN HEALTHCARE,<br><br>　　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT<br><br><br>Case No. 4:24-cv-00097-PK<br><br>Magistrate Judge Paul Kohler |

　　　　This matter comes before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and DUCivR 3-2. For the reasons discussed below, the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

　　　　28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[1]

　　　　Under Federal Rule of Civil Procedure 8, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short

---

[1] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

1

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." As explained by the Tenth Circuit, compliance with Rule 8 requires that a pleading set forth the court's jurisdiction and identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[2] These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the Court to conclude that, if proven, the allegations show that Plaintiff is entitled to relief.[3]

Reviewing Plaintiff's Complaint liberally, it fails to meet Rule 8's basic requirements. Plaintiff simply alleges that he went to a hospital to be treated but ended up with brain and heart injuries. Plaintiff does not provide a short and plain statement of any claims demonstrating he is entitled to relief. He fails to allege what Defendant did, when and where Defendant did it, how Defendant's action harmed him, and what specific legal right he believes Defendant violated.

It is therefore

ORDERED that by December 30, 2024, Plaintiff must cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. The Amended Complaint MAY NOT include claims outside or beyond what was already contained in the complaint originally filed here. If an amended complaint is filed, the Court will screen it for dismissal or an order effecting service upon valid defendants. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action may be dismissed without further notice. It is further

---

[2] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[3] *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989); s*ee also Nasious*, 492 F.3d 1163 (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.")

ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is again temporarily GRANTED. It is further

ORDERED that the filing restrictions in the Court's prior Order (Docket No. 5) remain in place.

DATED this 5th day of December, 2024.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge